NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1895
_____

UNITED STATES OF AMERICA

v.

BARRY LITTLE,

Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-07-cr-00207-003)
District Judge: Honorable John R. Padova
_____

Submitted Under Third Circuit LAR 34.1(a)
March 23, 2012

Before: RENDELL, FISHER and CHAGARES, Circuit Judges

(Opinion Filed: March 29, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendant Barry Little appeals his conviction and sentence for interfering with

interstate commerce by robbery and conspiring to interfere with interstate commerce by

robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a). His counsel has moved to

withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Because we agree with

counsel that there are no non-frivolous arguments in support of Little's appeal, we will affirm.[1]

On the afternoon of July 4, 2006, Little and two co-conspirators robbed a Radio Shack store at gun point, and made off with electronic merchandise valued at more than $13,000. After a jury trial, Little was found guilty on two counts of violating the Hobbs Act. The District Court sentenced him to 180 months' imprisonment, based on a Guideline sentencing range of 151 to 188 months' imprisonment.[2]

Under *Anders*, if court-appointed "counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 744. That request must be accompanied by an adequate brief discussing "anything in the record that might arguably support the appeal." *Id.* A brief is adequate when counsel has thoroughly scoured the record in search of appealable issues, and has explained why those issues are frivolous. *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000). After we determine whether counsel has met his requirements under *Anders*, we independently examine the record for any non-frivolous

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] Under the Guidelines, Little's sentence was calculated as follows: the District Court started with a base offense level of 20 based on § 2B3.1, the applicable guideline for a violation of 18 U.S.C. § 1951. Pursuant to §§ 2B3.1(b)(2)(B) and 1B1.1, cmt. n.1(I), the District Court assessed a six-level increase for the use of a firearm. Next, the District Court added two levels pursuant to § 2B3.1(b)(3)(A) for bodily injury. The District Court also assessed a one-level increase pursuant to § 2B3.1(b)(7)(B) for a loss in excess of $10,000. Finally, the District Court assessed a two-level increase pursuant to § 3C1.1 for obstruction of justice. Thus, the total offense level was 31. Little has a criminal history that placed him within Category IV. Accordingly, the advisory sentencing range was 151-188 months. (PSR ¶ 35).

issues.  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  Where counsel's brief

is adequate, we will confine our inquiry to issues raised by counsel in his *Anders* brief

and by the defendant in his *pro se* brief.  *Id.* at 301.  Little has not filed a *pro se* brief.

Counsel identifies the following potentially non-frivolous issues in his brief:  1)

sufficiency of the evidence at trial; 2) the six-level increase in the offense level for use of

a firearm; 3) the two-level increase in the offense level for bodily injury; 4) the two-level

increase in the offense level for obstruction of justice; and 5) the procedural and

substantive reasonableness of the sentence.  We address each in turn.

In assessing the sufficiency of evidence, we view the evidence in the light most

favorable to the government.  *United States v. Thomas*, 114 F.3d 403, 405 (3d Cir. 1997).

The court should sustain the verdict if "any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443

U.S. 307, 319 (1979) (citation omitted).

Counsel asserts that the evidence presented at trial sufficiently proved the essential

elements of the Hobbs Act violation.  The only defense Little raised was that he was not

the third participant in the robbery.  Counsel summarizes the evidence which establishes

Little's participation in the robbery.  Little's co-conspirators testified that he was the third

accomplice in the robbery.  Furthermore, cell phone records placed Little's cell phone at

the scene of the robbery.  Finally, tests performed on the DNA evidence found at the

scene of the crime revealed that 99.98% of the African American population could be

excluded as a source of this DNA, and Little was not among that 99.98%.  In light of the

3

evidence presented, counsel asserts that it would be frivolous to argue that no rational trier of fact could have found Little guilty. We agree.

We turn next to Little's objection at sentencing to the six-level increase in the offense level for use of a firearm.[3] Section 2B3.1(b)(2)(B) of the Guidelines provides for a six-level increase in the event a firearm is "otherwise used." The evidence at trial demonstrated that, during the robbery, a firearm was "otherwise used." *See* U.S.S.G. § 1B1.1, cmt. n. 1(I) (defining "otherwise used" as "conduct [that] did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm."). Little's co-conspirators pointed a gun at the store employees, attempted to chamber a cartridge, subsequently did chamber a cartridge, and ordered the store employees to lie on the floor. *See United States v. Johnson*, 199 F.3d 123, 127 (3d Cir. 1999) (explaining that when a "firearm is leveled at the head of a victim, and especially when this act is accompanied by explicit verbal threats, we have had no difficulty determining that the firearm was 'otherwise used.'") (citation omitted). Little, moreover, is responsible for the actions of his co-conspirators. *See* U.S.S.G. § 1B1.3(a)(1)(A) & (B) (providing that defendant is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity"). This evidence, counsel argues, demonstrates that there is no basis to appeal the application of the six-level increase pursuant to § 2B3.1(b)(2)(B). We agree.

---

[3] At sentencing, Little also objected to a one-level increase pursuant to § 2B3.1(b)(7)(B) for a loss in excess of $10,000, and the criminal history point calculation that placed him in Category IV. Counsel explains that these objections were the result of newly-appointed counsel's unfamiliarity with the evidence presented at trial and the criteria for calculating criminal history points, and, as such, were frivolous on their face. We agree.

Little then objected to a two-level increase in the offense level for bodily injury pursuant to § 2B3.1(b)(3)(A) of the Guidelines. At the sentencing hearing, the government supplied a color photograph showing the abrasion that was sustained by a customer who fell when Little grabbed him as the customer tried to flee the store. The court found that the photograph depicted a "significant injury . . . to the elbow and upper arm, and . . . discoloration of the lower arm." App. 194. We agree that this evidence supports application of the enhancement under § 2B3.1(b)(3)(A).

Additionally, Little objected to the two-level increase in the offense level for obstruction of justice pursuant to § 3C1.1 of the Guidelines. Little wrote a letter to the mother of one of his co-conspirator's children, in which he implicitly threatened the co-conspirator with harm, warning that "snitches die slow." We agree that this conduct supports application of the § 3C1.1 enhancement. *See* U.S.S.G. § 3C1.1, cmt. n. 4(A) (explaining that indirectly threatening a witness is covered by § 3C1.1).

Lastly, counsel examines the reasonableness of the sentence imposed on Little. We agree with counsel that the District Court committed no procedural or substantive error in sentencing Little to 180 months' imprisonment when the Guideline range was 151 to 188 months. Furthermore, the District Court meaningfully considered the 18 U.S.C. § 3553(a) factors in arriving at the 180-month sentence.

We conclude that counsel's *Anders* brief is adequate on its face. We further find no non-frivolous arguments in support of Little's appeal. We will affirm the judgment of the District Court, and, in a separate order, grant counsel's motion to withdraw.